# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6096 | **DATE** | July 6, 2010 |
| **CASE TITLE** | RBS Citizens, N.A. vs. Kinsch | | |

**DOCKET ENTRY TEXT**

Defendant's Rule 55(c) motion to set aside default [39] is granted. Plaintiff's motion for judgment of foreclosure as to defendant Robert Kinsch is denied without prejudice. Mr. Kinsch is granted leave to file his motion to dismiss the complaint. Mr. Kinsch must file that motion as an independent docket entry. Plaintiff's response to the motion to dismiss is due 7/19/2010. Reply due 7/26/2010. Ruling set for 8/25/2010 at 10:00 a.m. No appearance required on 7/21/2010 at 10:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Before the Court is defendant Robert Kinsch's Rule 55(c) motion to set aside the default order entered against him on December 8, 2009. To date, the Court has not entered a final judgment in this case. In order to prevail on a Rule 55(c) motion, Mr. Kinsch must show "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitiran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

     According to Mr. Kinsch, he did not become aware of this case until he received a "Notice of Presentment for Judgment of Foreclosure" from plaintiff on or about April 15, 2010. Within a week of receiving notice of this action, Mr. Kinsch appeared in court and requested time to retain counsel and to file a motion to vacate the default order. Mr. Kinsch filed a *pro se* motion to vacate the default order on May 3, 2010 and his newly retained counsel filed an amended motion to vacate on 6/10/10. Mr. Kinsch's quick action after learning of the case on April 15, 2010 satisfies the first two requirements of a meritorious Rule 55 motion to vacate.

     Mr. Kinsch also satisfied the third prong of a motion to vacate. It appears the Mr. Kinsch may have a meritorious defense to the pending complaint. Mr. Kinsch has raised an issue as to whether this court has diversity jurisdiction over plaintiff's pending foreclosure action. At the very least, this issue should be briefed by the parties.

     Finally, the Court notes that plaintiff's response to Mr. Kinsch's motion to vacate failed to address the three requirements of a meritorious motion to vacate. Instead, plaintiff's response focused solely on whether the return of service plaintiff filed on 5/28/10 was proper. Proper service is not necessary a bar to a successful Rule 55 motion to vacate. Accordingly, the Court does not take a position as to whether Mr. Kinsch was properly served in October 2009. Instead, the Court finds Mr. Kinsch's statement in open court on April 21, 2010 that he first learned of this case on or about April 15, 2010 persuasive. The Court is also persuaded that after learning of the pendency of this case and the default order, Mr. Kinsch took quick action to remedy the default and that he may have a meritorious defense to the complaint.

| STATEMENT |
|---|
| For these reasons, the Rule 55(c) motion to set aside the default is granted and plaintiff's motion for entry of a judgment of foreclosure is denied without prejudice. It is so ordered. |